UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                         Plaintiff,

                                                                                                   DECISION AND ORDER

                                                                                                   04-CR-6030L

        v.

NAVID ABBAS,

                                         Defendant.
_____

This Court referred all pretrial motions in this case to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Defendant, Navid Abbas ("Abbas"), moved to suppress both oral and written statements he made to law enforcement agents of the United States Department of State, Bureau of Diplomatic Security ("Department"), on July 12, 2001. Two witnesses testified at the suppression hearing, Catherine Clark, a Special Agent with the Department, and the defendant. Magistrate Judge Feldman held a suppression hearing over two days and at the conclusion of the hearing, he issued a detailed and thorough Report and Recommendation that Abbas' motion to suppress be granted. The Government duly filed objections to the Report and Recommendation.

The issue presented before Magistrate Judge Feldman and this Court is a narrow one. It was conceded that prior to interrogating Abbas neither Agent Clark nor her partner, Agent Gordon Goetz,

gave Abbas any *Miranda* warnings. The issue then revolves around whether Abbas was "in custody" during his interview with the agents. Magistrate Judge Feldman, after analyzing all the facts and circumstances surrounding the confrontation between Abbas and agents, determined that Abbas was in custody and, therefore, since no *Miranda* warnings were given, the statements obtained from him must be suppressed. The Government disagrees and contends that the circumstances do not support the Magistrate Judge Feldman's finding that Abbas was in custody.

In addition to the Magistrate Judge Feldman's Report and Recommendation and the parties' briefs, the transcript of the suppression hearing on January 4 and April 11, 2005 has been prepared and has been available for my review.

No one contends that Abbas was formally arrested. The conversation between the agents and Abbas took place at a convenience store where Abbas was employed. Magistrate Judge Feldman carefully summarized the testimony of both Special Agent Clark and Abbas. He also carefully summarized United States Supreme Court and Second Circuit authority relative to custodial interrogation. Clearly a custodial setting can exist even if the defendant is not formally placed under arrest. The task for determining whether a custodial situation exists is fact specific, and there is no bright-line test for determining the issue. The crucial inquiry is whether, under the circumstances, a reasonable person in the defendant's situation would have felt free to leave and terminate the conversation with law enforcement officials. *United States v. Badmus,* 325 F.3d 133, 138 (2d Cir. 2003).

In this case, there are facts that could cut both ways. On balance, though, I believe the facts and circumstances relied on by Magistrate Judge Feldman amply support his decision that Abbas

was not free to leave or, stated more accurately, a reasonable person in Abbas' situation would not have felt free to terminate the discussion and leave. Abbas was fingerprinted during the procedure, he was confronted with allegedly false information on his passport application, and exits to the premises were blocked by one of the agents when Abbas washed his hands after being fingerprinted. Magistrate Judge Feldman also discussed certain discrepancies that he found in Agent Clark's testimony, and he credited Abbas' testimony that handcuffs were put on the table immediately in front of Abbas, and he was advised that he was going to jail that night and be shipped off to LaHore, an airport in Pakistan.

In sum, I believe all the facts and circumstances surrounding the confrontation between Abbas and the two agents suggest that Abbas was under the control of the agents, that he reasonably believed that he was not free to leave and, therefore, any questioning that occurred was custodial.

CONCLUSION

I accept the Report and Recommendation of Magistrate Judge Feldman, filed January 13, 2006, and I adopt it. I reject the Government's objections to that Report. Defendant's motion to suppress oral and written statements made to law enforcement officers on July 12, 2001 (Dkt. #8) is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 2, 2006.